Fee Paid
$1
99

**E-FILING**

1  LAW OFFICES OF BERNADETTE W. CONNOLLY | LAW OFFICES OF HAZEL G.S. MARINERO
Bernadette Willeke Connolly, Cal. State Bar #195633 | Hazel Marinero, Cal. State Bar #127737
2  1671 The Alameda, Suite 200, San Jose, CA 95126 | 99 Almaden Boulevard, Suite 915, San Jose, CA 95113
Tel.: (408) 287-0383, Fax: (408) 287-4260 | Tel: (408) 299-0602, Fax: (408) 299-0605

ADR

3

4  Attorneys for Plaintiff

5          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**

6                                                                              RS

7  In Re:                    CV   07   05465

8  Amara Srisuwan                    )
                                     )
9          Plaintiff,                )  COMPLAINT FOR MANDAMUS AND
                                     )  INJUNCTIVE RELIEF
10  v.                               )
                                     )  MOTION FOR SUMMARY JUDGMENT
11  Robert S. Mueller, III           )
    Director of Federal Bureau of Investigation )
12  c/o Jennifer A. Wilson           )
    Chief Division Counsel, San Francisco, CA )      **Filed**
13  450 Golden Gate Avenue, 13th Floor )
    San Francisco, CA 94102          )             OCT 2 5 2007
14                                   )
    Michael Chertoff                 )          RICHARD W. WIEKING
15  Secretary of Dept. of Homeland Security )    CLERK, U.S. DISTRICT COURT
    Office of the General Counsel    )         NORTHERN DISTRICT OF CALIFORNIA
16  U. S. Department of Homeland Security )              SAN JOSE
    Washington, D.C. 20258           )
17                                   )
    Emilio T. Gonzalez               )
18  Director of U. S. Citizenship and )
    Immigration Services             )
19  Office of the General Counsel    )
    U. S. Dept. of Homeland Security )
20  Washington, D.C. 20258           )
                                     )
21  Rosemary Melville - District Director )
    USCIS San Francisco, CA          )
22  Office of the General Counsel    )
    20 Mass Avenue, NW               )
23  Washington, D.C. 20001           )
                                     )
24  Frank D. Siciliano - Field Office Director )
    USCIS San Francisco, CA          )
25  Office of the General Counsel    )
    20 Mass Avenue, NW               )
26  Washington, D.C. 20001           )
                                     )
27                                   )
                                     )
28          Defendants.              )

AMARA SRISUWAN v. ROBERT S. MUELLER III ET AL

Petitioner / Plaintiff, Amara Srisuwan, presents the instant Complaint and Motion before this Honorable Court requesting relief against Defendants for their actions and for their failure to act on the Plaintiff's application for permanent residence in accordance with law.

## I.    INTRODUCTION

1.    This is a petition for a statutory relief pursuant to law including the United States Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.) This action challenges the unreasonable delay in adjudicating of Plaintiff's family-based Adjustment Of Status (AOS) Application (Form I-485) pending before the United States Citizenship and Immigration Services (USCIS) since April 11, 2005.

## II.    JURISDICTION

2.    This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal Question) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution (Due Process), the provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act ("INA")) and the applicable regulations, policies and procedures arising thereunder.  This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).

3.    There are no further administrative remedies available to Plaintiff to redress the grievances described herein.

4.    This action challenges only the Defendants' timeliness in adjudication of Plaintiff's Adjustment of Status ("AOS") petition, not the granting or denial of the petition, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

## III.    VENUE

5.    Pursuant to 28 U.S.C. § 1391(e) venue is proper in the Northern District of California, because Defendants operate within this district, the substantial part of events giving rise to this

1  action occurred within the district, plaintiff resides in this district and no real property is
2  involved in the action.

3  ### IV. PARTIES

4  6.      Plaintiff Amara Srisuwan is a native and citizen of Thailand.  She currently resides at
5  1093 Foxchase Dr., San Jose, CA 95123.  Her alien registration number is A 98 407 953, and
6  she is the primary applicant of an I-485, Application to Register Permanent Residence or
7  Adjustment of Status, filed with the United States Citizenship and Immigration Service
8  ("USCIS") on March 9, 2005.  Her I-485 petition is supported by an I-130, Immigrant Petition
9  for Alien Relative, filed with the USCIS by her U.S. citizen husband, Brian Horowitz, on
10  March 9, 2005.  These applications are still pending.

11  7.      Defendant Michael Chertoff is the Secretary of the U.S. Department of Homeland
12  Security.  Pursuant *inter alia*, to 8 U.S.C. § 1103, 8 C.F.R. § 2, he is the direct supervisor of the
13  Director of the USCIS. Therefore he is the ultimate decision-making authority over Plaintiff's
14  pending application with the USCIS.

15  8.      Defendant Emilio T. Gonzalez is the Director of the USCIS. Pursuant *inter alia*, to 6
16  U.S.C. § 271, he is charged with, among other matters, administering the USCIS by
17  implementing and enforcing the Immigration and Nationality Act. As such, he has decision-
18  making authority over the matters alleged in this Complaint.  He is being sued through
19  Defendants Rosemary Melville and Francis D. Siciliano, the District Director and Field Office
20  Director, respectively, of the San Francisco Office of the USCIS.

21  9.      Defendant Robert S. Mueller, III is the Director of Federal Bureau of Investigation
22  ("FBI").  Pursuant, *inter alia*, to 28 U.S.C. § 532, he is the ultimate decision-making authority
23  over the plaintiff's pending name check clearance as alleged in this Complaint.

24  ### V. STATEMENT OF FACTS

25  10.      On March 9, 2005, Plaintiff's U.S. citizen husband, Brian Horowitz, submitted Form I-
26  130, Immigrant Petition for Alien Relative, and Form I-485, Application for Adjustment of
27  Status ("AOS"), to the USCIS so that Plaintiff could become a permanent resident of the
28  United States.

11.    The USCIS receipt notices for these submissions, dated April 11, 2005, are attached hereto as *Exhibit A*.  These notices state that the normal processing time for such applications is 6 months.

12.    Plaintiff is eligible to receive an immigrant visa and is admissible to the United States for permanent residence under INA §§ 204(a)(1)(A)(i) and 201(b)(2)(A)(i).

13.    An immigrant visa was immediately available to the Plaintiff at the time her AOS application was filed.

14.    An immigrant visa is immediately available to the Plaintiff at the time of filing this Complaint.

15.    Following the submission of AOS application, Plaintiff was requested to provide fingerprints for security checks May 10, 2005.  *Please see Exhibit B*.  Plaintiff provided these fingerprints.

16.    On July 20, 2005, Plaintiff and her husband, Brian Horowitz, attended an Adjustment of Status interview at the USCIS office in San Jose.  The application was reviewed, questions were asked and answers were provided.  Additional materials were presented by Plaintiff to establish further marriage validity and duration

17.    At the July 20, 2005, Adjustment of Status interview, Officer Zeman, the USCIS official performing the interview, stated that Plaintiff's criminal background check was complete.  Officer Zeman discussed Plaintiff's disclosure of a conviction under § 43.02 of the Texas Penal Code, a class B misdemeanor for a first offense.  Officer Zeman indicated that this conviction made Plaintiff inadmissible, but that such inadmissibility could be excused with an I-601 waiver.  This was the only problem with Plaintiff's AOS petition.

18.    On August 6, 2005, Plaintiff filed the I-601 waiver application.  The application explained that, on the advice of counsel, Plaintiff pled nolo contendre to the Texas Penal Code § 43.02 charge.  Plaintiff was afraid that the Department of Homeland Security would put an immigration hold on her if she were found guilty of the § 43.02 charge and spent months in jail.  Although Plaintiff was innocent of the § 43.02 violation, she could not take this risk.

19.    Soon after submittal of the I-601 waiver application, Officer Zeman contacted Hazel Marinero, counsel of Plaintiff, and left a message on her voicemail indicating that he would approve the waiver and that he was waiting for FBI namecheck clearance. *Please see Exhibit C*.

20.    Concerned about her AOS application, on October 31, 2005, *236 days after Plaintiff submitted her I-130/I-485 petition to the USCIS*, Plaintiff's counsel, Hazel Marinero, inquired about the status of Plaintiff's AOS via email inquiry to 'Sanjose, Askcis' and 'FBINNCP@ic.fbi.gov.' *Please see Exhibit D*.

21.    On February 3, 2006, the USCIS responded to this status inquiry and indicated that a required background check had been initiated but was still pending for Plaintiff.  *Please see Exhibit E*.

22.    On July 21, 2006, *499 days after Plaintiff submitted her I-130/I-485 petition to the USCIS*, Plaintiff's counsel, Hazel Marinero, sent a letter to the USCIS Adjustment of Status Unit at 1887 Monterey Road in San Jose, CA, inquiring about the status of Plaintiff's AOS petition. *Please see Exhibit F*.

23.    On November 7, 2006, *608 days after Plaintiff submitted her I-130/I-485 petition to the USCIS*, Plaintiff's counsel, Hazel Marinero, sent a letter to the USCIS Adjustment of Status Unit at 1887 Monterey Road in San Jose, CA, inquiring about the status of Plaintiff's AOS petition. *Please see Exhibit G*.

24.    On or about February 16, 2007, *709 days after Plaintiff submitted her I-130/I-485 petition to the USCIS*, Plaintiff's counsel, Hazel Marinero, filed a FOIPA (Freedom of Information Privacy Act) request with the FBI.  The letter requested a copy of the FBI file for Plaintiff.  The purpose of the FOIPA was to see if the reason for the FBI namecheck delay was due to a record in the FBI Central Records System. *Please see Exhibit H*.

25.    On March 7, 2007, Plaintiff's counsel, Hazel Marinero, received a response to the FOIPA request from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division. The response stated that, "No records responsive to your FOIPA request were located by a search of the automated indices." *Please see Exhibit I*.

26.    On March 7, 2007, Plaintiff requested Congressional assistance from the office of U.S. Representative Mike Honda, 15th District, California.

27.    On March 26, 2007, Plaintiff's counsel, Hazel Marinero, sent a letter to the USCIS Adjustment of Status Unit at 1887 Monterey Road in San Jose, CA, inquiring about the status of Plaintiff's AOS petition.  Counsel attached the statement from the result of the FOIPA request indicating that the FBI had no records on Plaintiff  *Please see Exhibit J*.

28.    On April 3, 2007, *755 days after Plaintiff submitted her I-130/I-485 petition to the USCIS*, Plaintiff's counsel, Hazel Marinero, received a notice from the San Jose office of the USCIS stating that, "Your case is still pending fingerprint clearance from the FBI.  Until that happens, your case at this time cannot move forward." *Please see Exhibit K*.

29.    On May 16, 2007, Plaintiff received a response from Representative Honda.  The response indicates that Plaintiff's FBI name check was still in progress at that time, and that Rep. Honda could therefore provide no further assistance. *Please see Exhibit L*.

30.    USCIS publishes processing dates every month online at: https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=70 As of October 15, 2007, the San Jose USCIS office, where Plaintiff's AOS petition was filed, is processing AOS applications (form I-485) filed on April 15, 2007. *Please see Exhibit M*.  Plaintiff submitted her application on March 9, 2005, *25 months earlier* than current published processing time.

31.    As of October 23, 2007, *958 days (2 years 7 months) after Plaintiff submitted her I-130/I-485 AOS petitions to the USCIS*, no resolution on Plaintiff's I-130/I-485 AOS petitions has been reached by the USCIS.  Plaintiff is therefore filing the present Complaint in the United States District Court for the Northern District of California. This action challenges only the Defendants' timeliness in adjudication of Plaintiff's applications, not the granting or denial of that application.

## VI. INJURY TO PLAINTIFF

32.    Plaintiff's application to become a permanent resident of the United States has been pending before USCIS for *over 958 days*.

33.    Plaintiff is waiting and will continue to wait for a significant amount of time for a decision on her AOS application. Her status in the United States has been and will continue to be uncertain. Plaintiff cannot plan ahead because she has not known and does not know if and when she will become a permanent resident.

34.    Plaintiff has lost a significant amount of work time pursuing her AOS application, making inquiries with the USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing her delayed permanent residency application.

35.    Plaintiff has to obtain yearly work authorization permits while her AOS application is pending. This results in significant out-of-pocket expenses (EAD renewal cost is $340/year and Plaintiff has already applied for three of them), including attorneys' fees, inconvenience, and loss of wages.

36.    Due to delays in adjudication of Plaintiff's permanent residency application, Plaintiff's naturalization (to become a U.S. Citizen) has been delayed. Defendants' unreasonable delay in adjudicating Plaintiff's AOS application has therefore deprived Plaintiff of citizenship benefits like the right to vote and fully participate in our democracy; to receive a United States passport; to travel freely into and out of the United States; to hold a job that is restricted to United States citizens; and to run for public office. Plaintiff has also been and will continue to be unable to petition for her family members to immigrate to the United States.

37.    Without the ability to travel outside of the United States, Plaintiff has been unable to visit her family in Thailand. She has not been able to introduce her husband to her family in person. She has also been unable to manage her assets and property in Thailand.

38.    Plaintiff's rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.

## VII.    GROUNDS FOR RELIEF

39.    Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Plaintiff's application for permanent residency in a timely manner.

-7-

1  40.    Defendant USCIS' duty to process and adjudicate Plaintiff's application "within a

2  reasonable time" (*within 958 days*) is a non-discretionary duty mandated by federal and judicial

3  precedent.

4  41.    Defendant USCIS' conduct in failing to process Plaintiff's application and adjudicate

5  her case in a reasonably timely manner has caused unnecessary and injurious delays to

6  Plaintiff, in violation of her rights.

7  42.    Plaintiff has exhausted all administrative remedies available and has determined that no

8  further adequate remedy exists.

9
**COUNT I**
10 **MANDAMUS ACTION**
**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**
11

12 43.    Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

13 44.    Defendants are charged with the mandatory responsibility of administering and

14 implementing the Immigration and Nationality Act. 8 U.S.C. § 1103, 8 C.F.R. § 2, 6 U.S.C. §

15 271.

16 45.    Defendants bear sole responsibility for timely adjudication of an AOS application and

17 for orderly attendant procedures. *Id.*

18 46.    Mandamus is appropriate when (1) the claim is clear and certain, (2) the official's duty

19 is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no

20 other adequate remedy is available. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

21 47.    Defendants are required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to

22 provide the Plaintiff a notice about the decision upon Plaintiff's AOS petition.

23 48.    The decision by the USCIS of whether to grant adjustment of status is discretionary, but

24 the duty to adjudicate an AOS application is not discretionary. *See e.g. Chao v. Gonzales*, 2007

25 U.S. Dist. LEXIS 76257 (N.D. Cal. 2007), *Abbasfar v. Chertoff*, 2007 U.S. Dist. LEXIS 65050

26 (N.D. Cal. 2007).

27 49.    A delay in providing this decision of more than 2 years is unreasonable as a matter of

28 law. *See* 8 U.S.C. § 1571, *see also In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415

1  (D.C. Cir. 2004), *Chao v. Gonzales*, 2007 U.S. Dist. LEXIS 76257 (N.D. Cal. 2007), *Razaq v.*

2  *Poulos*, 2007 U.S. Dist. LEXIS 770, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007); *Konchitsky v.*

3  *Chertoff*, 2007 U.S. Dist. LEXIS 53998, 2007 WL 2070325 at * 6 (N.D.Cal. Jul 13, 2007)

4  (without a particularized explanation for the delay, the court finds the more than two year delay

5  of plaintiff's I-485 application unreasonable as a matter of law); *Santillan v. Gonzales*, 388

6  F.Supp.2d 1065, 1082 (N.D.Cal., 2005) (Absent particularized individual showing of serious

7  risk to national security, defendants' national security argument cannot excuse the

8  administrative backlogs and bureaucratic delay.); *Gelfer v. Chertoff*, 2007 U.S. Dist. LEXIS

9  26466, 2007 WL 902382 at *2 (N.D. Cal. March 22, 2007) (finding unreasonable delay

10  depends on specific facts of the particular case); *Singh v. Still*, 470 F.Supp.2d 1064, 1069 (mere

11  invocation of national security is not enough to render agency delay reasonable per se*); Yu v.*

12  *Brown*, 36 F.Supp.2d 922, 932 (D. N.M. 1999) (Two and a half year delay unreasonable

13  amount of time to process a routine application and requires an explanation).

14  50.    The USCIS thus has a mandatory duty to adjudicate AOS applications within a

15  reasonable timeframe, and a two year delay is unreasonable as a matter of law.

16  51.    When the USCIS includes an FBI namecheck as a part of its AOS adjudication process,

17  the FBI also has a mandatory, non-discretionary duty to perform this namecheck within a

18  reasonable timeframe.  This is true even if the AOS petitioner is regarded merely as a third

19  party intended beneficiary to a contract between the FBI and the USCIS to perform the

20  namechecks, since a contract must be performed in a manner that is "reasonable."

21  52.    Defendants have failed to discharge these mandated duties.

22  53.    As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages

23  entitling her to declaratory, injunctive and other relief.

24  54.    Plaintiff has exhausted all possible administrative remedies and there exists no other

25  adequate remedy.

26  55.    Therefore, mandamus relief is appropriate, and strong humanitarian factors favor its

27  granting.

28

**COUNT II.**
**ADMINISTRATIVE PROCEDURES ACT**
**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

56.    The Administrative Procedures Act, 5 U.S.C. § 555(b), requires that, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

57.    A person suffering legal wrong because of because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof. 5 U.S.C. § 702.

58.    Agency action includes a failure of the agency to act, and courts are empowered to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

59.    The decision by the USCIS of whether to grant adjustment of status is discretionary, but the duty to adjudicate an AOS application is not discretionary. *See e.g. Chao v. Gonzales*, 2007 U.S. Dist. LEXIS 76257 (N.D. Cal. 2007), *Abbasfar v. Chertoff*, 2007 U.S. Dist. LEXIS 65050 (N.D. Cal. 2007).

60.    Defendants are required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

61.    A meaningful standard for the pace of adjudication for AOS applications is provided by 8 U.S.C. § 1571. In relevant part, § 1571 states that, "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

62.    Numerous district courts have held that, without a particularized showing of special circumstances justifying it, a delay in processing an AOS application of two years is unreasonable as a matter of law. *See e.g. Chao v. Gonzales*, 2007 U.S. Dist. LEXIS 76257 (N.D. Cal. 2007), *Razaq v. Poulos*, 2007 U.S. Dist. LEXIS 770, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007); *Konchitsky v. Chertoff*, 2007 U.S. Dist. LEXIS 53998, 2007 WL 2070325 at * 6 (N.D.Cal. Jul 13, 2007) (without a particularized explanation for the delay, the court finds the more than two year delay of plaintiff's I-485 application unreasonable as a matter of law);

1    *Santillan v. Gonzales*, 388 F.Supp.2d 1065, 1082 (N.D.Cal., 2005) (Absent particularized

2    individual showing of serious risk to national security, defendants' national security argument

3    cannot excuse the administrative backlogs and bureaucratic delay.); *Gelfer v. Chertoff*, 2007

4    U.S. Dist. LEXIS 26466, 2007 WL 902382 at *2 (N.D. Cal. March 22, 2007) (finding

5    unreasonable delay depends on specific facts of the particular case); *Singh v. Still*, 470

6    F.Supp.2d 1064, 1069 (mere invocation of national security is not enough to render agency

7    delay reasonable per se*); Yu v. Brown*, 36 F.Supp.2d 922, 932 (D. N.M. 1999) (Two and a half

8    year delay unreasonable amount of time to process a routine application and requires an

9    explanation).

10   63.      The Court of Appeals for the DC Circuit has noted that while, "[t]here is no per se rule

11   as to how long is too long to wait for agency action … a reasonable time for agency action is

12   typically counted in weeks or months, not years." *In re American Rivers and Idaho Rivers*, 372

13   F.3d 413, 415 (D.C. Cir. 2004).

14   64.      The USCIS thus has a mandatory duty to adjudicate AOS applications within a

15   reasonable timeframe.

16   65.      When the USCIS includes an FBI namecheck as a part of its AOS adjudication process,

17   the FBI also has a mandatory, non-discretionary duty to perform this namecheck within a

18   reasonable timeframe. This is true even if the AOS petitioner is regarded merely as a third party

19   intended beneficiary to a contract between the FBI and the USCIS to perform the namechecks,

20   since a contract must be performed in a manner that is "reasonable."

21   66.      By failing to render timely decision on Plaintiff's AOS application, Defendants have

22   violated the Administrative Procedures Act. Defendants' have engaged in agency action that is

23   unreasonable as a matter of law. The delay in this instant case is not judicially unmanageable

24   as the USCIS has failed to achieve a concrete goal – to issue a decision upon an application –

25   and violated the above referenced APA provisions to do so within a reasonable time. *See*

26   *Zadvydas v. Davis*, 533 U.S. 678, 699 (U.S. 2001).

27

28

**COUNT III.**
**ADMINISTRATIVE PROCEDURES ACT**
**5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)**

67.     Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

68.     The Code of Federal Regulations establishes conditions under which the adjudication of the Plaintiff's application can be withheld.

69.     The Plaintiff's application has been pending for over 2.5 years at the time of filing her complaint with the District Court.  According to the requirements of 8 C.F.R. § 103.2(b)(18), her application should have been reviewed twice by the USCIS district director (at 1 and 1.5 year marks), once by the USCIS regional commissioner (at 2 year mark) and once by the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement.

70.     There is no evidence that these procedures have been followed.

71.     Therefore, the USCIS has violated the Federal regulations and "unlawfully withheld" adjudication of the legal alien's application.

72.     Furthermore, the procedures of 8 C.F.R. § 103.2(b)(18) are not encompassed by the jurisdictional bar of the INA § 242(a)(2)(B)(ii).

73.     Thus, this Court has the power to grant a relief under 5 U.S.C. § 706(1) and to compel the USCIS to perform agency action "unlawfully withheld."

74.     Defendants failure to discharge their mandated official duties has caused Plaintiff to suffer irreparable harm and damages entitling her to declaratory, injunctive and other relief.

**COUNT IV.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

75.     Plaintiff incorporates all allegations made herein above that are pertinent to this Court.

76.     Plaintiff contends that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional violation of due process, violate the INA and the applicable regulations, and are arbitrary and capricious.

77.     Defendants seek a declaration to that effect under 28 U.S.C. § 2201.

**COUNT V.**
**EQUAL ACCESS TO JUSTICE ACT**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

78.    Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

79.    If she prevails, Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

### VIII    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the honorable Court grant the following relief:

  i.    Assume jurisdiction over this claim;

  ii.    Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

  iii.    Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's application for permanent residency expeditiously and within a reasonable time;

  iv.    Grant attorneys fees and costs of court;

  v.    Grant such other and further relief this Court deems just and appropriate.

There being no genuine issue as to any material fact, and the Plaintiff having demonstrated above that she is entitled to judgment as a matter of law, Fed.R.Civ.P § 56(c), <u>Plaintiff hereby moves for the above relief as a matter of SUMMARY JUDGMENT</u>.

Dated: 10 - 25 ____, 2007

RESPECTFULLY SUBMITTED,

Bernadette W. Connolly
Attorney for Plaintiff

Hazel G. S. Marinero
Attorney for Plaintiff

-13-

AMARA SRISUWAN v. ROBERT S. MUELLER III ET AL

## IX    LIST OF EXHIBITS

EXHIBIT A            USCIS Receipt Notices

EXHIBIT B            USCIS Letter Requesting Plaintiff to Provide Fingerprints

EXHIBIT C            Declaration by Attorney Hazel Marinero that USCIS Officer
                     Zeman left Voicemail Approving I-601 Waiver for Plaintiff

EXHIBIT D            October 31, 2005 AOS Status Inquiry to USCIS

EXHIBIT E            February 3, 2006 USCIS Response to AOS Status Inquiry

EXHIBIT F            July 21, 2006 AOS Status Inquiry to USCIS

EXHIBIT G            November 7, 2006 AOS Status Inquiry to USCIS

EXHIBIT H            February 16, 2007 FOIPA Inquiry to the FBI

EXHIBIT I            March 7, 2007 Response to FOIPA Inquiry from the FBI

EXHIBIT J            March 26, 2007 AOS Status Inquiry to USCIS with FOIPA
                     Response Attached

EXHIBIT K            April 3, 2007 USCIS Response to AOS Status Inquiry

EXHIBIT L            Response to Request for Assistance from U.S. Rep. Mike Honda

EXHIBIT M            Processing times for AOS Petitions at the San Jose USCIS Office
                     As of October 15, 2007